Case 08-15277  Filed 11/25/08  Doc 20

FILED

NOV 25 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

# NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 08-15277-B-13
 )
Emilio F. Gonzalez, ) DC No. MHM-1
 )
 Debtor. )

**MEMORANDUM DECISION REGARDING TRUSTEE'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Michael H. Meyer, Esq., appeared in his capacity as the chapter 13 trustee (the "Trustee").

Scott Lyons, Esq., appeared on behalf of the debtor, Emilio Gonzalez (the "Debtor").

Before the court is an objection by the Trustee to confirmation of the Debtor's chapter 13 plan pursuant to 11 U.S.C. § 1325(a)(3) and 11 U.S.C. §a1325(a)(7) (the "Objection"). The Trustee contends that neither the chapter 13 plan nor the chapter 13 petition were filed in good faith. For the reasons stated below, confirmation of the chapter 13 plan will be denied. The court will issue an order to show cause why the case should not be dismissed.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The court has jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 1325[1] and General

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-

Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) & (L).

**Background and Findings of Fact.**

After a hearing on the Objection, the court took the matter under submission to permit the Debtor to file a supplemental brief. Three days after the date set for filing of the supplemental brief, the Debtor filed a modified plan without noticing it for a hearing. The only difference between the original plan and the modified plan is the commitment period, which the Debtor extended from 36 months to 60 months. The court deems the Objection to apply to the modified plan (the "Plan").

The Debtor filed his chapter 13 petition on August 28, 2008, less than four years after receiving a chapter 7 discharge in a case filed in May 2005. Therefore, pursuant to § 1328(f)(1), the Debtor is not eligible to receive a discharge in this chapter 13 case.[2]

The Debtor listed no real property in his schedules. He listed a value of $1400 for his personal property and exempted it under C.C.P. § 703. The Debtor listed a single secured debt of $213 for a ring which is no longer in the Debtor's possession. The Debtor listed no unsecured priority debt, and unsecured nonpriority claims consisting of a deficiency balance on an automobile loan,[3] credit card and medical debt, and child support. The Debtor lists gross income from employment of $2,516 each month, from which $1,445 is deducted for taxes, insurance, and child support. The Debtor's expenses are listed as $946, leaving him with a net income of $125 with which he intends to fund his Plan.

The Debtor's Plan provides for a payment of $125 per month, for a total of $7,500

---

9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2]The Debtor is not eligible to receive a discharge in any chapter 13 case filed before May 20, 2009, four years after his prior chapter 7 case, 05-14140, was filed.

[3]However, the Debtor underestimated the deficiency balance on his repossessed automobile by $14,000.

being paid over the five year term of the Plan.[4] Approximately 10%, or $750, will be retained by the Trustee as an administrative expense. An additional $2,600 will be paid to Debtor's attorney at the rate of $113 per month for 23 months. That leaves approximately $4,100 for distribution to the unsecured creditors' claims which presently total over $21,000. If the Debtor completes this Plan, he will only pay less than 20% of his unsecured debt and those payments won't even start until the 24th month of the Plan. At the conclusion of the five years, the Debtor will still owe the balance of the unsecured debt. The net effect of the Plan will be to prevent the unsecured creditors from attempting to collect from the Debtor for five years.[5]

**Issues Presented.**

The Trustee objects to confirmation on the grounds that the Plan was not filed in good faith pursuant to § 1325(a)(3), and that the petition itself was not filed in good faith pursuant to § 1325 (a)(7). The Trustee points out, "[i]n essence, for $125 a month the debtor is obtaining the stay of collection when no discharge will be granted." The Debtor conceded at the hearing that there is no factual issue here. The issue is one of law: Is the petition and Plan filed in good faith where the Debtor is not eligible for a discharge, and where the Plan does not propose to pay in full the claims which cannot be discharged? In other words, is it fair for the Debtor to hold off his creditors for up to five years while committing to pay them only a fraction of what they are owed?

///

---

[4]The original plan provided for payments for 36 months and scheduled $9,113 of unsecured debt. The modified plan provides for payments for 60 months and lists the same amount of unsecured debt, however, the Debtor underestimated the deficiency claim on his repossessed automobile by $14,000 and so the unsecured claims filed to date exceed $20,000. The deadline for filing claims for nongovernmental claimants is January 5, 2009. Therefore, the modified plan will pay little more than the 16% originally proposed to holders of unsecured claims.

[5]Outside of bankruptcy the asset exemption protections of the California Code of Civil Procedure would be available to the Debtor as well as the four-year statute of limitations on collection.

**Analysis and Conclusions of Law.**

Pursuant to §1325(a)(3), the Debtor cannot confirm a chapter 13 plan not filed in good faith. In addition, the Debtor cannot confirm a plan unless the petition itself is filed in good faith. §1325(a)(7). A case can be dismissed if the petition was not filed in good faith. § 1307(c). The Debtor has the burden of proof on each element of confirmation. *In re Arnold and Baker Farms*, 177 B.R. 648, 654 (9th Cir. BAP 1994). "Good faith" is essentially an element of a debtor's qualification to be in chapter 13 in the first place. *See Marrama v. Citizens Bank of Massachusetts (In re Marrama)*, 127 S.Ct. 1105, 1111.

While the Bankruptcy Code does not define "good faith, " § 1307(c), sets forth a nonexclusive list of ten, "causes" for dismissal or conversion. These examples are merely illustrative and not exclusive. *Wile v. Household Bank F.S.B. (In re Wile)*, 304 B.R. 198, 204 (Bankr. E.D.Pa. 2004). A lack of good faith is "cause" for dismissal or conversion under § 1307(c). *Id.* The court should consider the totality of the circumstances when making the "good faith" determination. The court can determine that a debtor is not acting in "good faith" without having to find that the debtor is acting in "bad faith" (dishonesty of belief or purpose). *In re Guastella, supra*, 341 B.R. at 920.

It does not appear from the schedules, or the Plan, that there is any reorganization in progress here. Indeed, the relief which the Debtor needs, a discharge of his unsecured debts, is unavailable to the Debtor at this time through any chapter of the Bankruptcy Code because he received a chapter 7 discharge in a case filed less than four years before this case. §§ 727(a)(8) and 1328(f)(1). Therein lies the reason why this bankruptcy case appears to be an abuse of the bankruptcy system. The Plan will stay any enforcement action by the creditors whose claims cannot be discharged in this case, yet will pay nothing to those creditors for up to two years (all Plan payments during that time will go to the Trustee and Debtor's counsel). Before the Debtor has to make any payments to unsecured creditors in this case, he will be in a position to dismiss this case and re-file a new chapter 13 which proposes to pay nothing to the unsecured creditors for another two years and sets the Debtor up for a discharge after the third year. The Debtor here is trying

to effectuate an "end run" around the express restrictions of § 1328(f)(1).

The mere fact that a debtor has filed successive bankruptcy petitions does not constitute a lack of good faith, but circumstances may indicate a lack of good faith in proposing a subsequent chapter 13 plan to the extent they reflect the debtor's intent to misuse the relief afforded by the bankruptcy code. As the court explained, in *In re March*, 83 B.R. 270, 275 (Bkrtcy E.D.Pa., 1988):

> [S]everal of the factors traditionally addressed by courts making the good faith inquiry pursuant to section 1325(a)(3) are no longer relevant. I conclude that the scope of good faith inquiry must be limited to those factors which address (1) whether the debtor has deliberately misinformed the court of facts material to confirmation of the plan; (2) whether the debtor intends to effectuate the plan as proposed and (3) whether the proposed plan is for a purpose not permitted under the Bankruptcy Code. *See Zellner; Barnes.*
>
> Additionally, I recognize that there is a requirement that a bankruptcy be filed in good faith which is separate and apart from the requirement that a chapter 13 plan be proposed in good faith. *Matter of Madison Hotel Associates*, 749 F.2d 410 (7th Cir.1984). *See also e.g., In re Kinney*, 51 B.R. 840 (Bankr.C.D.Cal.1985) (tenth bankruptcy in just over two years was filed solely to prevent foreclosure by virtue of the automatic stay and was not filed in good faith). In the case at bench, Savin's objections appear to be addressed, at least in part, at the debtor's good faith in filing rather than at good faith in proposing the plan. (Footnote omitted.) Frequently, in the chapter 13 context there will be an overlap between the two good-faith inquiries because the debtor's plan must be filed within a very short time after the case is commenced. Bankr. Rule 3015.

*Id.*

In this case it appears that the only purpose for the filing of both the petition and Plan was to prevent collection attempts by the unsecured creditors and not for any effort of reorganization nor to obtain a discharge.

"Once 'cause' has been established, whether conversion or dismissal is more appropriate is a question Congress left to the sound discretion of the bankruptcy court." *Id.* at 206 (citations omitted). Even if the court were to grant additional time for a second modified plan to be filed, it does not appear from the Debtor's schedules that he can afford to make a plan payment with a meaningful return to the unsecured creditors.

/ / /

**Conclusion.**

Based on the foregoing, the court is persuaded that this chapter 13 case and the chapter 13 plan were not filed in good faith. Accordingly, confirmation of the Plan will be denied pursuant to 1325(a)(3) and § 1325(a)(7). The court will set a hearing on an order to show cause why the case should not be dismissed pursuant to § 1307(c) on December 18, 2008.

Dated: November 25, 2008

W. Richard Lee
United States Bankruptcy Judge